# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**JOEY AUSTIN,**
**Claimant Below, Petitioner**

**FILED**

March 21, 2018
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 17-0866**  (BOR Appeal No. 2051925)
                    (Claim No. 2016011923)

**MURRAY AMERICAN ENERGY, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Joey Austin, by Stephen New and Stacey Fragile, his attorneys, appeals the decision of the West Virginia Workers' Compensation Board of Review. Murray American Energy, Inc., by Denise Pentino and Aimee Stern, its attorneys, filed a timely response.

The issue on appeal is the closure of the claim for temporary total disability benefits. On March 7, 2016, the claims administrator closed the claim for temporary total disability benefits. The Office of Judges affirmed the claims administrator in its March 23, 2017, Order. The Order was affirmed by the Board of Review on August 30, 2017. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Joey Austin, a coal miner, injured his low back and neck when he fell backwards while carrying a sixty pound water punch along the bottom of the mine on October 31, 2015. Medical records from Fairmont General Hospital show Mr. Austin was treated in the emergency room for low back pain and tingling in his left shoulder due to the fall at work. Lumbar spine and cervical spine x-rays were both normal. He was diagnosed with acute low back pain and paresthesia of the left arm. The employee's and physician's report of injury, dated the same day and signed by Mr. Austin, indicates he fell and injured his back. The physician section of the report listed diagnoses of acute low back pain status post fall and paresthesia of the left arm. It also noted Mr. Austin would be able to return to work on November 3, 2015.

1

Four days prior to the injury, on October 27, 2015, Mr. Austin sought treatment from his family physician, Faisal Chaudhry, M.D., for complaints of low back pain. The medical records show Mr. Austin provided a history of bending over to get clothes out of his car on October 26, 2015, when the left side of his back started hurting. Dr. Chaudhry diagnosed low back pain and left-sided sciatica. Dr. Chaudhry started Mr. Austin on Prednisone and Zanaflex and recommended an injection of the sacroiliac joint, which Mr. Austin refused. Dr. Chaudhry recommended a follow-up appointment in three weeks.

Mr. Austin was seen by Daniel Farmer, FNP, at Dr. Chaudhry's office on November 2, 2015. Mr. Farmer noted tenderness of the mid and lower back region as well as neck pain. He diagnosed lumbago with sciatica, pain in the thoracic spine, pain in the left shoulder, and cervicalgia. X-rays of the thoracic and lumbosacral spine showed normal alignment with no bony lesions. A lumbar spine MRI performed on November 17, 2015, revealed L4-L5 degenerative disc disease with a broad based disc protrusion, mild stenosis and significant foraminal narrowing as well as an L5-S1 annular bulge causing bilateral foraminal narrowing. Mr. Farmer diagnosed lumbago with sciatica, unspecified side; pain in the left shoulder; cervicalgia; and sciatica on the left side on November 23, 2015.

On December 11, 2015, the claims administrator held the claim compensable for sprain of ligaments of the lumbar spine and authorized payment of temporary total disability benefits for the period from November 1, 2015, through January 1, 2016. The diagnoses of lumbago with sciatica and low back pain were specifically listed as conditions that were not being covered in the claim.[1]

Bill Hennessey, M.D., performed an independent medical evaluation for the accepted diagnosis of lumbar sprain on January 21, 2016. Dr. Hennessey noted Mr. Austin's pain complaints limited the range of motion testing as Mr. Austin complained of pain after twenty degrees of trunk flexion even though he was sitting up during the examination with required ninety degrees of trunk flexion. Dr. Hennessey opined that Mr. Austin had reached maximum medical improvement from the lumbar strain/sprain. He did not recommend any additional treatment as there was no residual physical impairment on which to base treatment. Additionally, Mr. Austin told him that no treatment worked, and West Virginia Code of State Rule § 85-20 (2006) limited treatment for a lumbar sprain to eight weeks.

On February 3, 2016, Dr. Chaudhry noted that Mr. Austin's continuing symptoms were due to the work injury. Mr. Austin's significant issues related to the fall were confirmed by MRI. Dr. Chaudhry noted that he would not release Mr. Austin to return to work as he continued to have issues with his neck, left arm, and lower back. Dr. Chaudhry continued to recommend a referral to a neurosurgeon. The claims administrator closed the claim for temporary total disability benefits on March 7, 2016. This protest followed.

---

[1] This decision of the claims administrator was protested. On July 19, 2016, the Office of Judges affirmed the claims administrator. No further appeal was taken.

Dr. Hennessey prepared a supplemental report on March 18, 2016, after reviewing the medical records of Dr. Chaudhry. Dr. Hennessey noted that lumbago, or low back pain, is a symptom, not a diagnosis. It is not a compensable injury. Mr. Austin did not develop sciatica as that is a lay term for pain in the lower limb. There is no injury to the sciatic root. Therefore, the diagnosis should not be allowed. Cervicalgia, or neck pain, is a symptom and not a diagnosis. Cervical radiculopathy is not a compensable injury. Mr. Austin had no myotomal or dermatomal symptoms or physical findings. The intervertebral disc degeneration was not caused by the fall but by aging.

Mr. Farmer, the nurse practitioner, testified via deposition on May 10, 2016. He opined that Mr. Austin had left-sided sciatica, lower back pain, left arm pain, neck pain, a C6-C7 disc bulge, a L5-S1 disc bulge and radiculopathy as a result of the October 31, 2015, injury. In his opinion, Mr. Austin had reached maximum medical improvement in regard to the compensable condition of lumbar sprain.

Rebekah Austin, M.D., a neurosurgeon, testified via deposition on November 14, 2016, that she first evaluated Mr. Austin on August 19, 2016. Mr. Austin's complaints included upper neck pain, left arm pain, and dysesthesia as well as numerous complaints of pain. On examination, Dr. Austin noted cervical and thoracic spine spasms. Dr. Austin gave Mr. Austin three shots to assist with his pain management and referred him back to a pain specialist for cervical epidural injections. In her opinion, Mr. Austin would not be able to go back to work as a coal miner. However, he might be able to work in a sedentary position. She opined that he was nearing maximum medical improvement, but had not reached it yet. Dr. Austin was treating Mr. Austin for neck pain, mid-back pain, and lower back pain. In Dr. Austin's opinion, it takes a lumbar strain between six and ten weeks to resolve. She would have expected Mr. Austin's back symptoms to resolve by the middle of January. Additionally, the cervical disc herniation, the lumbar disc herniation, and thoracic pain were keeping Mr. Austin from returning to work.

The Office of Judges affirmed the claims administrator's decision to close the claim for temporary total disability benefits on March 23, 2017. It noted that in its previous July 19, 2016, Order, the only compensable condition was the lumbar sprain. Dr. Austin, one of Mr. Austin's treating physicians, testified that the cervical disc herniation, the lumbar disc herniation, and thoracic pain were keeping him from returning to work. These are not compensable conditions. Dr. Hennessey's opinion that Mr. Austin had reached maximum medical improvement for the compensable condition was not rebutted. As Mr. Austin had reached maximum medical improvement, it was appropriate to close the claim for temporary total disability benefits. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on August 30, 2017.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. West Virginia Code § 23-4-7a (2005) allows for the suspension of temporary total disability benefits when the claimant reaches maximum degree of medical improvement, is released to return to work, or actually returns to work. Dr. Austin, one of Mr. Austin's treating physicians, opined that it takes a lumbar strain between six and ten weeks to resolve. She would have expected Mr. Austin's back symptoms to resolve by the

middle of January. Dr. Hennessey examined Mr. Austin on January 21, 2016, and opined that Mr. Austin had reached maximum medical improvement. Because Mr. Austin had reached maximum medical improvement, the claims administrator properly closed the claim for temporary total disability benefits.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 21, 2018**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

4